Honorable John G. McGoldrick Counsel to the Governor
You have advised us that there are five vacancies in the Legislature at this time, two in the Senate and three in the Assembly, and that the Governor wishes to consider issuing proclamations calling for special elections to fill the vacancies (Public Officers Law, § 42[3]). You have asked whether the Governor may now proceed to issue such proclamations in light of a pending action in the United States District Court for the Southern District of New York (Flateau, et al. v Anderson,et al., 82 Civ 0876) in which the Governor is a named defendant.
The possible impediment arises out of one of the plaintiffs' request for relief set forth in their complaint:
 "That the court declare that the New York State Congressional, Senate and Assembly districts as presently constituted contravene the Constitution of the United States and that therefore Chapter 11, 76, 77 and 78 of the Laws of the State of New York 1972 as modified by Chapter 588 and 589 of the Laws of the State of New York 1974 are unconstitutional."
We believe that neither the pendency of this action nor the cited prayer for relief appearing in the complaint bars the Governor from issuing proclamations for special elections.
First, the statutes challenged by the plaintiffs (chapters 11, 76, 77 and 78 of the Laws of 1972 and chapters 588 and 589 of the Laws of 1974), by which the Legislature adopted the existing district lines, have previously been challenged and held to be constitutional. Matter ofSchneider v Rockerfeller, 31 N.Y.2d 420 (1972); United JewishOrganizations of Williamsburgh v Carey, 430 U.S. 144 (1977). Thus, the members of the currently sitting Legislature, who were elected in 1980 for a term commencing January 1, 1981 and ending December 31, 1982, were elected from valid districts. Any special elections which the Governor might call would be based upon the same districts and would be for terms ending December 31, 1982. These special elections would therefore be from districts which have specifically been held to be constitutional.
The five existing vacancies which you mention in your request are in districts that were valid when the Legislature was elected in 1980. Special elections will do no more than give the voters in the several districts the voice that they would have had if the incumbents had remained in office. Indeed, if special elections are not held, those voters will have no voice in their government's legislative process until 1983.
Furthermore, all of the factual allegations in the complaint are addressed to the unconstitutionality of the cited statutes as they may be applied to the 1982 primary and general elections, by which the 1983-1984 Legislature will be selected. The plaintiffs recite the enactment of the cited chapters, the basis for the existing districting of Senators and members of the Assembly, and note that they are based upon the 1970 Census. Given the allegations in the complaint, the quoted prayer for relief must logically be considered to be aimed at having the applicable statutes declared invalid for the election of Senators and members of the Assembly at the 1982 primary and general elections.
Finally, the plaintiffs have, to date, only served and filed a summons and complaint in this action. There has been no application for any restraint or injunctive relief against the Governor or any other party defendant. The serving and filing of a complaint do not act to bar a party named in an action from exercising his or her legal rights. Thus, the Governor remains free to exercise all of his statutory and constitutional responsibilities until such time as he may be restrained or enjoined by the Court.
We, therefore, conclude that, in the absence of a specific judicial order to the contrary, the Governor may call special elections to fill vacancies in Senate and Assembly seats in the Legislature now sitting.